09-2276-cr
United States v. Pacheco

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1.  When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of May, two thousand and ten.

PRESENT:

> JOSÉ A. CABRANES,
> ROBERT A. KATZMANN,
>          *Circuit Judges,*
> J. GARVAN MURTHA,
>          *District Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                                          No. 09-2276-cr

GERMAN PACHECO,

*Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR APPELLANT:**               DAVID A. LEWIS, Federal Defenders of New York, Inc., New York, New York.

---

[*] The Honorable J. Garvan Murtha, Senior Judge of the United States District Court for the District of Vermont, sitting by designation.

FOR APPELLEE:                        ALI KAZEMI, Assistant United States Attorney (Jo Ann Navickas, Assistant United States Attorney, and Benton J. Campbell, United States Attorney, *on the brief*), Office of the United States Attorney, Eastern District of New York, Brooklyn, New York.

Appeal from a May 26, 2009 judgment of conviction of the United States District Court for the Eastern District of New York (Sandra L. Townes, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's judgment is **AFFIRMED**.

Defendant-appellant German Pacheco ("defendant") pleaded guilty in the District Court to one count of illegal reentry in violation of 8 U.S.C. § 1326(a).  The District Court sentenced him principally to 24 months' imprisonment.

Defendant brings this appeal claiming that the District Court violated his Fifth Amendment right against self-incrimination and his Sixth Amendment right to counsel because "[a]t sentencing in this case the district court *specifically relied* on statements that [defendant] made at [a] court-ordered psychological examination."  Appellant's Br. 14.

After reviewing the sentencing transcript, we concluding that the District Court did not "specifically rel[y]" on the statements in question.  *Id.*  Rather, the District Court referred to those statements only in the process of explaining that, insofar as they were disavowals of prior criminal conduct, it did not credit them and therefore did not consider them relevant to defendant's sentence.  Therefore, even assuming, without deciding, that the statements in question were obtained in violation of defendant's constitutional rights, they were not relied on by the District Court and thus do not provide a basis for vacating defendant's sentence.

The District Court began the sentencing proceeding by partially summarizing the relevant facts:

> The facts, as I see them, [are] that [defendant] was in the country illegally when he was arrested and charged with the first crime, to which he pled guilty[:] sexual misconduct involving a sexual contact with a child.

App. 66-67 (Tr. of Sentencing Hr'g 9-10, May 22, 2009).  The District Court then noted that, in the psychological examination, defendant had "attempt[ed] to recant the conviction for the first crime," claiming that "'it was nothing,'" that he had "'declared [himself] guilty to get out of jail,'" that it was simply "'a stupid mistake,'" and that it consisted of merely "'getting near and having intentions.'"  *Id.*

at 67.  The District Court then rejected those statements, explaining that it "d[id] not find his recantations here credible." *Id.*  The Court never mentioned the statements again.

Instead, the District Court proceeded to set forth its reasons for sentencing defendant to 24 months' imprisonment:

> As I said, what I am looking at is the prior history of Mr. Pacheco. He was in the country illegally.  He committed a sexual crime.  He was—already a decision had been made to deport him . . . , but once he was convicted, he was deported from this country and then, he comes back.  And how do we know he's back?  He commits another sexual crime against an adult female.
>
> And because of these repeated acts of sexual misconduct and repeated illegal re-entry into the country, the Court believes that [it] must impose a sentence to reflect the seriousness of this offense, to promote respect for the law, and provide just punishment for the offense.  And most important is to afford deterrence of criminal conduct by this defendant and also, to protect the public from further crimes of Mr. Pacheco.

*Id.* at 67-68.  Each of those reasons was proper, and the District Court's explanation of its sentence did not refer to—or otherwise indicate reliance on—defendant's statements at the psychological examination.

We hold, therefore, that the District Court did not violate defendant's constitutional rights at sentencing.

## CONCLUSION

For the foregoing reasons, the May 26, 2009 judgment of conviction is **AFFIRMED**.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court

3